IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| JOHN FROST, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Case No. 4:07CV1481 CDP/AGF |
| | ) | |
| MICHAEL KEMNA, | ) | |
| | ) | |
| Respondent. | ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on Petitioner John Frost's motion for leave to conduct discovery. Petitioner, a Missouri inmate, initiated this action on August 20, 2007, seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner was convicted by a jury on December 18, 2002, of first-degree murder, first degree robbery, and two related counts of armed criminal action, all related to the January 25, 2000 shooting death in St. Louis, Missouri, of a cab driver, Jason Hall. Petitioner was sentenced on February 7, 2003, to life without the possibility of parole, 30 years, life, and 30 years, respectively. For the reasons set forth below, Petitioner's motion shall be denied, without prejudice, subject to reconsideration upon final review of the case.

Petitioner raises six grounds for habeas relief, including that the prosecutor violated Brady v. Maryland, 373 U.S. 83 (1963) (holding that the prosecution must disclose exculpatory evidence to a criminal defendant), and Petitioner's due process right to a fair trial by failing to disclose that a person named Charity White was a suspect in the case. Petitioner asserts that when a police detective interviewed an individual named

1

Charles Liston about the murder, the detective told Liston that White was a suspect. The last claim raised by Petitioner is that he is actually innocent and that discovery would likely show this. As noted by Petitioner, his defense at trial centered on the lack of direct physical evidence linking him to the crimes and that although he told his friends that he shot Hall, he was only boasting to enhance his reputation on the street.

In response to the Court's Order to show cause why habeas relief should not be granted, Respondent posits that Petitioner's <u>Brady</u> claim was procedurally defaulted in state court because it was not raised on direct appeal or on appeal from the denial of postconviction relief. Petitioner replies that the factual basis for the claim did not come to light until after the state court postconviction proceedings were over. He states that he first learned that the detective told Liston that White was a suspect, when Petitioner was confined with Liston in 2007. Along with his reply, Plaintiff submits Liston's affidavit dated June 30, 2008, attesting that in February 2000, two detectives interviewed him in prison "regarding a Charity White being a suspect" in the murder of a cab driver in St. Louis, and asking her whereabouts.

By separate motion filed on August 12, 2008, Petitioner requests leave to conduct discovery -- specifically, he seeks production from the St. Louis Metropolitan Police Department of the complete investigative file on Hall's murder. Plaintiff maintains that he needs the file to determine the extent of the Police Department's investigation of White's involvement in Hall's murder, and that the file "may disclose that suspects other than Petitioner were identified. Thus, the investigative file may aid Petitioner in his argument that the State withheld <u>Brady</u> evidence depriving him of a fair trial." He asks

2

the Court to either order Respondent to produce a copy of the investigative file to him, or issue a subpoena to the Police Department to produce "the documents or things." Respondent argues that Petitioner is not entitled to the discovery he seeks, because even if the police had looked at another suspect, that would not eliminate the overwhelming evidence of Petitioner's guilt, including his own statement to a friend that he (Petitioner) shot Hall, a statement which was taped by the FBI during the investigation, and played for the jury.

"[A] habeas petitioner, unlike the usual civil litigant in federal court, is not entitled to discovery as a matter of ordinary course." Bracy v. Gramley, 520 U.S. 899, 904 (1997). Rule 6(a) of the rules governing § 2254 cases states that a "judge may, for good cause, authorize a party to conduct discovery under the Federal Rules of Civil Procedure and may limit the extent of discovery." In order to show "good cause," a petitioner must present "specific allegations" that give the Court "reason to believe that the petitioner may, if the facts are fully developed, be able to demonstrate that he is . . . entitled to relief." Bracy, 520 U.S. at 908-08 (internal quotations omitted).

To establish a due process claim based upon a Brady violation, a habeas petitioner must first prove the state withheld evidence tending to exculpate him, and second,

> that the evidence withheld was "material"- that if the evidence had been disclosed, the outcome of the trial would (to a reasonable probability) have been different. A prisoner need not prove he would have been acquitted in order to demonstrate materiality. The second "question is not whether the defendant would more likely than not have received a different verdict with the evidence, but whether in its absence he received a fair trial, understood as a trial resulting in a verdict worthy of confidence."

Burton v. Dormire, 295 F.3d 839, 846 (8th Cir. 2002) (quoting Kyles v. Whitley, 514

3

U.S. 419, 434 (1995)); see also, Mark v. Ault, 498 F.3d 775, 783 (8th Cir. 2007) (evidence is "material" in this context "only if there is a reasonable probability, that, had the evidence been disclosed to the defense, the result of the proceeding would have been different. A 'reasonable probability' is one sufficient to undermine confidence in the outcome of the trial.") (citation omitted). Thus, "[a] Brady violation will not necessarily result in reversal of the conviction if it was "not prejudicial and amounts to harmless error." Dye v. Stender, 208 F.3d 662, 665 (8th Cir. 2000) (citation omitted).

Here, as Respondent argues, even if White had been a suspect at some point in the investigation, that would not eliminate the substantial evidence of Petitioner's guilt, and he would not have been denied a fair trial due to not being told that White had been a suspect. See, e.g., id. at 666-67. Petitioner's assertion that he is actually innocent of the crimes for which he was convicted is not supported by any new reliable evidence, and he is not entitled to launch an exploration of the Police Department's entire investigative file in an effort to uncover some as yet undefined evidence to corroborate that assertion. See Cuevas-Hernandez v. Wasden, 2008 WL 5220900, at *2 (D. Idaho Dec. 11, 2008); Williams v. Roper, 2007 WL 1018638, at *8 (E.D. Mo. March 30, 2007).

Accordingly,

**IT IS HEREBY ORDERED** that Petitioner's motion for leave to conduct discovery is **DENIED without prejudice**. [Doc. #37]

*Audrey G. Fleissig*
AUDREY G. FLEISSIG
UNITED STATES MAGISTRATE JUDGE

Dated this 5th day of January, 2009.

4